UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

DOUGLAS CORNELL JACKSON,

        Plaintiff,

v.

QUENTIN BOLTON et al.,

        Defendants.
_____/

Case No. 2:23-cv-122

Honorable Maarten Vermaat

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. (ECF No. 2.) Plaintiff, however, has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim. Because of this, the Court will direct Plaintiff to show cause why he should not be barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Alternatively, Plaintiff may pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] Plaintiff must either show cause or pay the fee within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to either show cause or pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In at least three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Jackson v. Berean*, No. 1:18-cv-1075 (W.D. Mich. Mar. 19, 2019); *Jackson v. Bouchard*, No. 2:16-cv-246 (W.D. Mich. Dec. 21, 2016); *Jackson v. Evans*, No. 2:11-cv-13524 (E.D. Mich. Aug. 31, 2011). Plaintiff also has been denied leave to proceed *in forma pauperis* on the basis of the three-strikes rule at least ten times. *See Jackson v. Simon*, No. 1:22-cv-44 (W.D. Mich. Feb. 2, 2022); *Jackson v. Novak*, No. 1:21-cv-1030 (W.D. Mich. Jan. 11, 2022); *Jackson v. Hoffman*, No. 2:21-cv-175 (W.D. Mich. Sept. 2, 2021); *Jackson v. Miller*, No. 2:21-cv-162 (W.D. Mich. Aug. 12, 2021); *Jackson v. Dove*, No. 2:21-cv-53 (W.D. Mich. Mar. 29, 2021); *Jackson v. Kemp*, No. 2:21-cv-33 (W.D. Mich. Mar. 3, 2021); *Jackson v. McKee*, No. 2:21-cv-23 (W.D. Mich. Mar. 1, 2021); *Jackson v. Pynnonen*, No. 2:21-cv-26 (W.D. Mich. Feb. 17, 2021); *Jackson v. Taskila*, No. 2:20-cv-38 (W.D. Mich. Apr. 8, 2020); *Jackson v. Berean*, No. 1:19-cv-380 (W.D. Mich. Sept. 27, 2019).

Moreover, it does not appear that Plaintiff's allegations fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists.

3

> To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is currently incarcerated at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. Plaintiff sues the following MBP personnel: Deputy Warden Unknown Hoult, Grievance Coordinator Quentin Bolton, Librarian Unknown Bomer, and Counselor Kevin Collison. The gravamen of Plaintiff's complaint is that Defendants have violated Plaintiff's First Amendment rights by interfering with Plaintiff's ability to litigate numerous other civil rights actions that he previously filed in this Court and later appealed to the United States Court of Appeals for the Sixth Circuit. Allegations that Defendants have interfered with Plaintiff's right to access the courts simply do not rise to the level necessary to show that Plaintiff was in imminent danger of serious physical harm when he filed this complaint.

Plaintiff vaguely mentions that on June 13, 2023, Defendant Collison came to Plaintiff's cell and told Plaintiff that inmates who file lawsuits against MBP staff "get killed and assaulted." (ECF No. 1, PageID.4.) Plaintiff alleges further that on that same day, Defendant Bomer threatened to have Plaintiff killed if Plaintiff "brought legal action" against him, Defendant Hoult, or any other MBP staff members. (*Id.*, PageID.5.) Plaintiff was then placed in solitary confinement from

4

June 13, 2023, through June 20, 2023. (*Id.*) Plaintiff claims that while in solitary confinement, he "would become nauseated and vomit" after each meal, and that these side effects "continue to presently exist." (*Id.*, PageID.6.) Plaintiff also began to "cough up phlegm" because of poor ventilation in the cell. (*Id.*) Plaintiff alleges that he "continues to suffer from the effects of anxiety, humiliation[,] and daily degradation." (*Id.*) Finally, Plaintiff contends that on June 22, 2023, while he was eating dinner, he "discovered a razor blade inside his biscuit when he broke it apart." (*Id.*, PageID.7.)

Although Plaintiff suggests that he continues to cough up phlegm and experience nausea even after his time in solitary confinement, Plaintiff does not suggest that he faces any serious physical harm from such conditions. Moreover, while allegations that Defendant Bomer has threatened to kill or harm Plaintiff certainly suggest a danger, Plaintiff's complaint is devoid of any allegations suggesting that attempts to actualize such a threat have occurred. The dearth of any factual allegations to support these conclusions leads the Court to conclude that the alleged threats are described with insufficient facts and detail to establish that Plaintiff is in danger of imminent physical injury . . . ." *Rittner*, 280 F. App'x at 798 (footnote omitted). Based on Plaintiff's allegations, these risks are not sufficiently "'real and proximate.'" *Vandiver*, 727 F.3d at 585 (quoting *Rittner*). That is not to say that they are "ridiculous . . . baseless . . . fantastic—or delusional . . . irrational or wholly incredible." *Id*. They are simply insufficient.

Likewise, this is not the first time Plaintiff has offered conclusory and speculative claims of anxiety and humiliation to try to establish that he is in imminent danger of serious physical injury. For example, in 2021, Plaintiff alleged that staff members at the Ionia Correctional Facility continued to interfere with his right to access the courts by impeding his ability to litigate his *habeas corpus* action pending in the Eastern District of Michigan. *See Jackson v. Novak*, 1:21-cv-

5

1030, 2022 WL 100096, at *3 (W.D. Mich. Jan. 11, 2022). Plaintiff alleged that their actions caused him to suffer stress and "excruciating" headaches, as well as a rise in blood pressure. *Id.* According to Plaintiff, his symptoms put him at risk of a future heart attack or stroke. *Id.* Plaintiff also claimed that the defendants' actions caused him to suffer shortness of breath, fatigue, and insomnia. *Id.* The Court rejected Plaintiff's allegations that he was at risk of suffering a stroke or heart attack as "conclusory and speculative." *Id.* If stress resulting from alleged constitutional violations were sufficient to satisfy the imminent danger requirement, the requirement would be rendered meaningless. Such a reading of the statute would be inconsistent with the general rule of statutory construction, which requires that exceptions to a rule be read narrowly, so as not to undermine the general rule. *See Comm'r of Internal Revenue v. Clark,* 489 U.S. 726, 739 (1989) ("In construing provisions . . . in which a general statement of policy is qualified by an exception, we usually read the exception narrowly in order to preserve the primary operation of the provision."); 2A Norman J. Singer, *Statutes and Statutory Construction*, § 47.11 at 246–47 (6th ed. 2000) ("[W]here a general provision in a statute has certain limited exceptions, all doubts should be resolved in favor of the general provision rather than exceptions."). Exceptions must not be interpreted so broadly as to swallow the rule. *See Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 530 (2009) (rejecting an interpretation of a statutory exception that "would swallow the rule").

Nor is Plaintiff the first prisoner to offer such conclusory and speculative claims of stress-induced health consequences to establish imminent danger. For example, in *Warren v. Ellis Cnty., Tex.*, 519 F. App'x 319 (5th Cir. 2013), prisoner Warren argued that he was "under constant stress resulting from the denial of his constitutional rights, subjecting him to a potential risk of, among other things, hypertension, heart and immune system problems, fatigue, depression, and weight

6

gain, all of which could shorten his life expectancy." *Id*. at 320. The Fifth Circuit Court of Appeals concluded that "the possibility of future medical problems resulting from stress [did] not show that [Warren] faced an imminent danger of serious physical injury at the relevant time." *Id*. Similarly, in *Burghart v. Corrections Corp. of America*, 350 F. App'x 278 (10th Cir. 2009), prisoner Burghart claimed that he suffered "'constant stress' due to the denial of his constitutional rights and that he 'has and could suffer' migraines, 'cardiovascular [problems],' hypertension, fatigue and depression, a 'suppressed immune system,' memory loss, psoriasis, weight gain, sleep disorders, and a shortened life expectancy." *Id*. at 280. The Tenth Circuit Court of Appeals found the allegations conclusory and Burghart's attempt to link the injuries to the claimed constitutional right violations "not credible." *Id*. Likewise, in *Sutton v. District Attorney's Office of Gwinnet Superior Ct., Georgia*, 334 F. App'x 278 (11th Cir. 2009), prisoner Sutton claimed that his unconstitutional confinement "'endangered his physical health' by 'causing him stress, anxiety, depression, and further his life [was] deteriorating . . . inside [the] prison for no reason at all.'" *Id*. at 279. The Eleventh Circuit Court of Appeals found that "these types of general assertions, even construed liberally, [were] 'insufficient to invoke the exception to § 1915(g) . . . .'" *Id*. This Court also finds that such general assertions of health consequences—which purportedly flow from stress which is allegedly caused by a constitutional violation—to be too conclusory and speculative to establish imminent danger of serious physical injury sufficient to except this case from the three-strike bar.

In light of such, it appears that § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. The Court will, however, direct Plaintiff to show cause why he should not be barred from proceeding *in forma pauperis* in this action even though he has accrued "three "strikes" under § 1915(g). Plaintiff has twenty-eight (28) days from the date of entry of this opinion and accompanying order to show cause. Alternatively, Plaintiff may pay the civil action filing fees,

7

which total $402.00, within that time. When Plaintiff either pays the filing fees or sufficiently demonstrates cause to proceed *in forma pauperis*, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not show cause or pay the filing fees within the 28-day period, Plaintiff will be denied leave to proceed *in forma pauperis* and this case will be dismissed without prejudice.

Dated: July 18, 2023                                   /s/ *Maarten Vermaat*
                                                                    Maarten Vermaat
                                                                    United States Magistrate Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**