UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| DOUGLAS CORNELL JACKSON #748757, | Case No. 2:23-cv-00122 |
| Plaintiff, | Hon. Robert J. Jonker<br>U.S. District Judge |
| v. | |
| QUENTIN BOLTON, et al., | |
| Defendants. | |
| _____/ | |

## REPORT AND RECOMMENDATION

### I. Introduction

This Report and Recommendation (R. & R.) addresses Defendants' motion for partial summary judgment due to Plaintiff's failure to exhaust his administrative remedies (ECF No. 41) and motion to strike Plaintiff's sur-reply (ECF No. 49).

Plaintiff – state prisoner Douglas Cornell Jackson – filed a complaint under 42 U.S.C. § 1983 alleging that Defendants violated his Constitutional rights while he was confined in the Marquette Branch Prison (MBP). (ECF No. 1.) Jackson is currently confined in the Baraga Correctional Facility (AMF). Jackson sued the following four Defendants: Grievance Coordinator Bolton, Deputy Warden Hoult, Librarian Bomer, and Counselor Collison. (*Id.*)

On March 29, 2024, this Court issued a screening opinion. (ECF No. 22.) As a result, Defendant Deputy Warden Hoult was dismissed from this action while Defendants Bolton, Bomer and Collison remain in the case.

The undersigned has attempted to identify and summarize Plaintiff's remaining claims in the table below.  Claims for which dismissal is recommended are shown in red (Claims 6, 7 and 9-11).  Claims that Defendants concede should go forward are shown in blue (Claims 1, 2, 5 and 8).  And claims for which the undersigned recommends denial of summary judgment are shown in green (Claims 3 and 4).

| Number | Claim | Defendant | Date or Date Range of Incident(s) |
|---|---|---|---|
| 1 | Retaliation for issuance of interference with administration of rules misconduct ticket. | Bolton | May 9, 2023 |
| 2 | Retaliation by refusing to provide a legal writer. | Bomer | May – June of 2023 |
| 3 | Retaliation for issuing contraband notice for pages from guide issued by the State Appellate Defender Officer. | Bomer | April 6, 2023 |
| 4 | Retaliation by refusing to return legal property after hearing officer's not guilty of the class II misconduct finding. | Bomer | April 13, 2023 |
| 5 | Retaliation by refusing to provide copies and Lexis Advance research assistance. | Bomer and Collison | April – May 2023 |
| 6 | Retaliation by threatening to have Plaintiff killed if he did not stop filing lawsuits. | Bomer | June 13, 2023 |
| 7 | Retaliation for comment indicating that he was aware that a razor blade was in Plaintiff's food. | Bomer | June 22, 2023 |

| Number | Claim | Defendant | Date or Date Range of Incident(s) |
|--------|-------|-----------|-----------------------------------|
| 8 | Retaliation for refusing to provide a copy of the administrative hearing report regarding Notice of Intent issued by Hoult. | Collison | May 2, 2023 |
| 9 | Retaliation by refusing to provide oversized envelopes. | Collison | May 25 – 26, 2023 |
| 10 | Retaliation by threatening Plaintiff with negative consequences including being killed and assaulted if he continued to prosecute lawsuit against prison staff. | Collison | June 13, 2023 |
| 11 | Eighth Amendment for placing a razor in Plaintiff's food. | Bomer | June 22, 2023 |

Explanations for these conclusions and recommendations are set forth below. If the Court accepts this recommendation, the following retaliation claims will remain in the case: Claims 1-5 and 8.

**II. Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient

disagreement to require submission to a jury[1] or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III.  Exhaustion of Administrative Remedies

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-16 (2007). "[W]here the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof

---

[1] The Seventh Amendment does not always require courts to submit factual disputes about exhaustion to a jury. *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015). If the factual disputes about exhaustion do not overlap with the merits of the plaintiff's substantive claims, then the court may conduct a bench trial to resolve the exhaustion issue. *Richards v. Perttu*, 96 F.4th 911, 923 (6th Cir. 2024), *cert. granted*, No. 23-1324, 2024 WL 4394132 (U.S. Oct. 4, 2024). In a bench trial on exhaustion, the defendants must show that the plaintiff failed to exhaust his administrative remedies by a preponderance of the evidence. *Willey*, 789 F.3d at 677 (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)) ("Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence.").

"must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones*, 549 U.S. at 218-19; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where

prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 644 (2016).

"Beyond doubt, Congress enacted [Section] 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter*, 534 U.S. at 524.  In the Court's view, this objective was achieved in three ways.  First, the exhaustion requirement "afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.* at 525.  Second, "the internal review might 'filter out some frivolous claims.'" *Id.* (quoting *Booth*, 532 U.S. at 737*).*  And third, "adjudication could be facilitated by an administrative record that clarifies the contours of the controversy." *Id.*  When institutions provide adequate notice as required under the PLRA, the opportunity to address the claims internally furthers the additional goals of limiting judicial interference with prison administration. *Baker v. Vanderark*, 1:07-cv-004, 2007 WL 3244075, *5 (W.D. Mich., Nov. 1, 2007).

The most common procedure through which a prisoner in MDOC custody exhausts his administrative remedies is the grievance procedure set forth in Michigan Department of Corrections (MDOC) Policy Directive 03.02.130 (effective on March 18, 2019).  According to the Policy Directive inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ Q.  If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process

and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ Q, W. The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ Y. The Policy Directive also provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ S (emphasis in original).

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id*. at ¶ DD. The respondent at Step II is designated by the policy. *Id.* at ¶ FF.

If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ II.

Where the grievance procedures are not available because the issue presented is non-grievable, exhaustion of prison grievance procedures is not required. It is well-established that a prisoner "cannot be required to exhaust administrative remedies

7

regarding non-grievable issues." *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004); *Mays v. Kentucky Dept. of Corrections*, 2018 WL 4603153, at *3 (W.D. Ky. Sept. 25, 2018) ("It is beyond debate that an inmate cannot be required to exhaust administrative remedies regarding non-grievable issues."); *Reeves v. Hobbs*, 2013 WL 5462147 (W.D. Ark. Sept. 3, 2013) ("Defendants cannot treat a complaint as non-grievable, and therefore not subject to the grievance procedure, and then turn around and maintain the claim fails because [the plaintiff] failed to follow the grievance procedure. As the well known proverb states, they cannot have their cake and eat it too.").

When prison officials waive enforcement of these procedural rules and instead consider a non-exhausted claim on its merits, a prisoner's failure to comply with those rules will not bar that prisoner's subsequent federal lawsuit. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). The Sixth Circuit has explained:

> [A] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation process."). An exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits. *See id.* at 325. We have also explained that the purpose of the PLRA's exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits to correct prison errors that can and should be corrected to create an administrative record for those disputes that eventually end up in court." *Id.* at 324.

8

*Mattox v. Edelman*, 851 F.3d 583, 590-91 (6th Cir. 2017).[2]

### IV. Analysis

First, Defendants Bomer and Collison admit that Jackson exhausted some of his claims. Defendant Bomer asserts that Jackson properly exhausted two grievances involving his retaliation claims against Bomer for refusing to make copies (**Claim 5**). MBP 23-05-047617b and MBP 23-05-0437-17b. (ECF No. 42, PageID.317.)

After Jackson responded to Defendant Bomer and Collison's summary judgment motion asserting that his requests for grievance forms while on modified access to the grievance procedures were denied, Defendants filed a reply brief making more concessions. (ECF No. 45.) Defendants have provided records of several requests made by Jackson for grievance forms while he was on modified access to the grievance procedures. (ECF No. 46, PageID.650-687.)

Instead of explaining exactly which claims are unexhausted, Defendants provided copies of Jackson's requests for grievance forms while he was on modified access to the grievance system, and the responses from the grievance coordinator. Defendants concede that some of the claims are exhausted by Jackson's request for grievance forms that were denied while he was on modified access to the grievance system. Defendants argue that the unexhausted claims should be dismissed. The

---

[2] In *Mattox*, the Sixth Circuit held that a prisoner may only exhaust a claim "where he notifies the relevant prison . . . staff" regarding the specific factual claim "giving the prison staff a fair chance to remedy a prisoner's complaints." *Id.* at 596. For example, grieving a doctor about his failure to give cardiac catheterization did not grieve the claim that the doctor erred by not prescribing Ranexa.

9

Court is left with the task of determining which claims were exhausted and which claims remain unexhausted.

It appears that Defendant Bomer concedes that Jackson exhausted additional allegations in support of his claim that he was denied photocopies and library materials. (*Id*., PageID.650-651 (denied grievance forms for photocopies due to refusal by Bomer) (**Claim 5**)); (*Id*., PageID.652-653 (denied grievance forms for legal writer assistance due to refusal by Bomer (**Claim 2**)); (*Id*., PageID.656-657 (denied grievance forms for refusal to provide Lexis legal research training by Bomer) (**Claim 5**)); (*Id*., PageID.658-659 (denied grievance forms because Collison held administrative hearing without evidence and failed to provide copy of hearing decision) (**Claim 8**)); (*Id*., PageID.660-661 (denied grievance forms for photocopies due to refusal by Bomer) (**Claim 5**)); (*Id*., PageID.664-665 (denied grievance forms for legal writer assistance due to refusal by Bomer (**Claim 2**)); (*Id*., PageID.668-669 (denied grievance forms for photocopies due to refusal by Collison to make sure Bomer made the necessary copies) (**Claim 5**)); and (*Id*., PageID.670-671 (denied grievance forms for photocopies and a legal writer due to refusal by Bomer) (**Claims 2 and 5**)).

In summary:

Defendant Bolton concedes that Jackson exhausted his retaliation claim against Defendant Bolton for issuing him a misconduct ticket for interference with the administration of rules (**Claim 1**). And Defendant Bomer concedes that Jackson exhausted his retaliation claims for refusing to provide a legal writer (**Claim 2**), and for failing to make photocopies and to provide Lexis legal research training (**Claim**

10

**5**). In addition, Defendant Collision concedes that Jackson exhausted his retaliation claims for failing to make photocopies (**Claim 5**) and for refusing to provide a copy of the administrative hearing report regarding the notice of intent issued by Hoult (**Claim 8**).

Next, Defendant Bomer argues that Jackson failed to exhaust his retaliation claims for issuing a contraband notice for pages from a guide issued by the State Appellate Defender Office (**Claim 3**), for refusing to return property after being found not guilty of a Class II misconduct (**Claim 4**), for threatening to have Jackson killed unless he stopped filing lawsuits (**Claim 6**), and for indicating that a razor blade was in Jackson's food (**Claim 7**). Defendant Bomer also argues that Jackson failed to exhaust his Eighth Amendment claim alleging that a razor blade was found in his food (**Claim 11**).

Jackson filed a grievance raising a retaliation claim (**Claim 3)** that Bomer confiscated pages from the guide issued by the State Appellate Defender Office and a retaliation claim (**Claim 4**) regarding the failure to return legal property after he was found not guilty of the Class II misconduct. MBP-3-04-0411-07a. At Step I, Jackson raised the issue that Bomer was denying him pages from the State Appellate Defender Office guide. (ECF No. 42-3, PageID.455.) The Step I grievance was denied. (*Id.*, PageID.456.) The Step II grievance was denied. (*Id.*, PageID.454.) And

although Defendants state the Step III appeal was *rejected* for missing the Step I response[3], the record shows that Jackson's Step III appeal was *denied*:

**STEP III GRIEVANCE DECISION**

Rec #: 143855
07A

To Prisoner: Jackson    #: 748757
Current Facility: MBP
Grievance Identifier: MBP-23-04-0411-07A
Step III Received: 6/15/2023

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances". Upon examination it has been determined that your issue was in fact considered, investigated, and a proper decision was rendered.

**THE STEP III APPEAL IS DENIED.**

(*Id.*, PageID.453.)

Accordingly, it is the opinion of the undersigned that Jackson exhausted **Claim 3** and **Claim 4** against Defendant Bomer. In the opinion of the undersigned, Defendants have shown that Jackson failed to properly exhaust **Claim 6**, **Claim 7**, and **Claim 11**.

Defendant Collison argues that Jackson failed to exhaust his retaliation claims for refusing to provide oversized envelopes (**Claim 9**), and for threating negative consequence, including assault and being killed, if Jackson continued to prosecute lawsuits against prison staff (**Claim 10**).

---

[3] MBP-23-04-0368-28e was rejected at Step III for missing the Step I response. (ECF No. 42-3, PageID.457.)

Jackson submitted grievance MBP-23-05-0551-28f raising the issue in **Claim 9** regarding the failure to receive oversized envelopes. (ECF 42-3, PageID.439-442.) Jackson's grievance was denied at Step I because he failed to follow directions to obtain grievance forms while he was on modified access to the grievance procedures:

> Grievance Identifier Number: MBP 23/05/00551/28F
>
> When you were placed on Modified Access Status on 5/23/2023 you were provided with directions on how to obtain a grievance form which was sent to you on 5/25/2023. You failed to follow these instructions and your grievance is being returned without investigation as you have obtained this grievance form from a source other than the Step I grievance Coordinator, which violates PD 03. 02. 130. JJ through NN. Grievance Rejected according to policy.

(*Id.*, PageID.442.) In the opinion of the undersigned, Jackson failed to properly exhaust **Claim 9** and **Claim 10**.

## V. Recommendation

The undersigned respectfully recommends that this Court grant Defendants motion for summary judgment in part and deny the motion in part. It is recommended that the Court dismiss without prejudice **Claims 6, 7, 9, 10, and 11** due to Jackson's failure to properly exhaust his administrative remedies and deny the motion as to remaining claims.

It is further recommended that the Court deny Defendants' motion to strike Plaintiff's sur-reply.

If the Court accepts this recommendation the following claims remain against Defendants Bolton, Bomer, and Collison:

| Number | Claim | Defendant | Date or Date Range of Incident(s) |
|---|---|---|---|
| 1 | Retaliation for issuance of interference with | Bolton | May 9, 2023 |

| Number | Claim | Defendant | Date or Date Range of Incident(s) |
|---|---|---|---|
|  | administration of rules misconduct ticket. |  |  |
| 2 | Retaliation by refusing to provide a legal writer. | Bomer | May – June of 2023 |
| 3 | Retaliation for issuing contraband notice for pages from guide issued by the State Appellate Defender Officer. | Bomer | April 6, 2023 |
| 4 | Retaliation by refusing to return legal property after hearing officer's not guilty of the class II misconduct finding. | Bomer | April 13, 2023 |
| 5 | Retaliation by refusing to provide copies and Lexis Advance research assistance. | Bomer and Collison | April – May 2023 |
| 8 | Retaliation for refusing to provide a copy of the administrative hearing report regarding Notice of Intent issued by Hoult. | Collison | May 2, 2023 |

Dated:  January 14, 2025            /s/ *Maarten Vermaat*
                                    MAARTEN VERMAAT
                                    U. S. MAGISTRATE JUDGE

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P.

72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).